UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
            Master File No. 06-CV-1691(JMR/FLN)


In re UnitedHealth Group        )    AMENDED
PSLRA Litigation                )    ORDER


   This matter is before the Court on defendants' motion to dismiss the Consolidated Class Action Complaint ("Complaint"). Notwithstanding counsel's siren song, the Court persists in its belief that two plus two equals four.

I. Background

   On March 18, 2006, the Wall Street Journal published an article. According to the article, United Health Group ("United") executives had received back-dated stock options, with "grant dates" designed to coincide with prior low points in the company's stock price. As has become customary, this article led to the filing of numerous securities class actions, now consolidated before this Court. Lead plaintiff California Public Employees Retirement System filed the Complaint on December 8, 2006. The Complaint alleges that United and certain of its officers and directors violated federal securities laws, including §§ 11 and 15 of the Securities Act of 1933, §§ 10b, 14(a), and 20A of the Securities Exchange Act of 1934, and related Rule 10b-5. The lead plaintiff purports to represent a putative class which, it claims, suffered compensable injuries during an asserted class period,

commencing on January 20, 2005, and running to May 17, 2006.

II. <u>Analysis</u>

Defendants urgently ask the Court to apply the Private Securities Litigation Reform Act's ("PSLRA") heightened pleading standards. The Court, of course, is constrained to do so in any case of this nature. But even under those heightened pleading standards, it remains the law that, in securities litigation as elsewhere, plaintiffs' Complaint should not be dismissed for failure to state a claim where there is a "reasonably founded hope that the [discovery] process will reveal relevant evidence" to support plaintiffs' claims. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1967 (May 21, 2007) (alteration in <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 347 (2005)).

The Court has carefully applied the PSLRA's standards. This means it takes the Complaint's factual allegations as true, while simultaneously rejecting "catch-all or blanket assertions" of fact or law and unwarranted inferences. <u>In re Navarre Corp. Securities Litig.</u>, 299 F.3d 735, 740-41 (8th Cir. 2002). The Court well knows that in PSLRA-governed cases, plaintiffs must plead specific facts giving rise to "both reasonable and strong inferences" that defendants acted with the requisite state of mind. <u>Id.</u> at 741.

The Court wishes to be explicit: it expresses - and harbors - no opinion as to the ultimate merits of this case. But it has eyes to see, as well as a mind to perceive, the nature of plaintiffs'

claims. Plaintiffs' claims are nowhere near as complex as defense counsel suggest. If plaintiffs are correct, this case is incredibly simple. Plaintiffs claim defendants were playing a game with a stacked deck. When awarded options, with deliberately selected grant dates which were already in the money, defendants were playing a game they knew they could not lose; and, unsurprisingly, defendants won.

Defendants' dismissal motions trot out - expending forests of trees and trillions of electrons - the requirements of the PSLRA, Sarbanes-Oxley, and GAAP, all to inform the Court, as required by Rule 12, Fed. R. Civ. P., that there is no way plaintiffs can possibly win. The Court has carefully reviewed their briefs. After this review, however, plaintiffs' theory remains clear.

Interestingly, plaintiffs' theory has been examined in the public media for years. Indeed, it has won several Academy Awards. Plaintiffs' theory lies at the core of the plot in one of Hollywood's most entertaining and honored films.

In <u>The Sting</u>, the bad guy is ultimately brought down by utterly charming con men, played by Paul Newman and Robert Redford. <u>The Sting</u> (Universal Pictures, 1973). They gain their revenge through a scheme involving "past-posting," or betting on horse races after the results are known. The Court expresses not the slightest opinion as to whether such shenanigans occurred here, but such is the essence of plaintiffs' theory.

3

It is a poker axiom that if a player has his knees under the table and cannot tell who the sucker is, he's it.  In this game, according to plaintiffs, the patsy was either the hapless corporation, which in varying ways defendants controlled, or the corporation's shareholders, whose equity provided the game's antes and bloated pot.

That's it.  A claim has been stated.

The Court finds plaintiffs have adequately pleaded that the named defendants made false and misleading statements which they knew were false at the time they made them, and not merely with hindsight.  They have pleaded facts which support both reasonable and strong inferences of scienter.  For purposes of this motion, they have pleaded the necessary connection between each defendants' actions and the corporation's stock price and corporate worth. They have pleaded with sufficient particularity the "who, what, when, where and how" of the alleged scheme.  See In re Navarre Corp. Securities Litig., 299 F.3d at 745.  In short, the Complaint adequately states a claim.

Parenthetically, the Court commends The Sting to all parties. And, mindful of the dictates of Bell Atlantic and Dura, the Court easily denies the motions to dismiss.

III.   Conclusion

Accordingly, defendants' motions to dismiss [Docket Nos. 177, 182, 187] are denied.

IT IS SO ORDERED.

Dated:  June 4th, 2007

<u>/s James M. Rosenbaum</u>
JAMES M. ROSENBAUM
United States Chief District Judge
