**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

In re UNITEDHEALTH GROUP INCORPORATED PSLRA LITIGATION

Civil File No. 06-1691 (JMR/FLN)

---

# DEFENDANT WILLIAM G. SPEARS' SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**ORAL ARGUMENT REQUESTED**

**RE-FILED IN UNREDACTED FORM**
**PURSUANT TO JUNE 10, 2008 COURT ORDER**

David L. Hashmall
FELHABER, LARSON, FENLON & VOGT, P.A.
220 South Sixth Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone: (612) 373-8518

Carl H. Loewenson, Jr. (admitted pro hac vice)
Grant J. Esposito (admitted pro hac vice)
Kyle W.K. Mooney (admitted pro hac vice)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000

Attorneys for Defendant
William G. Spears

May 29, 2008

The recent testimony of David J. Lubben, former General Counsel of UnitedHealth, further demonstrates that there is no evidence to support the allegations against Mr. Spears in this case. Specifically, Mr. Lubben's testimony puts an end to any suggestion that Mr. Spears acted with an intent to defraud, recklessness or negligence, which are central to Plaintiffs' Section 10(b) and 14(a) claims against Mr. Spears.

First, as to the representations concerning the options-granting process reflected in the proxy statements, which comprise the bulk of the alleged misstatements Plaintiffs attribute to Mr. Spears, Mr. Lubben confirmed that UnitedHealth's legal department oversaw preparation, distribution and execution of the Written Actions reflecting the Compensation Committee's approval of stock option grants and the preparation of the proxy statements disclosing stock option grants. (Hashmall Supp. Decl. Ex. 1 (Lubben Dep. at 104:24-105:14; 380:24-383:19; 437:8-20; 374:21-377:4; 262:20-264:2; 430:23-433:6).)[1] Mr. Lubben's testimony concerning his oversight of the preparation of proxy statements, and the work of the many internal and external contributors in whom he had the utmost confidence, refutes Plaintiffs' unsubstantiated allegations that Mr. Spears was reckless or negligent in connection with the disclosures in these proxy statements. (Id. at 437:8-20; 374:21-377:4; 262:20-264:2; 430:23-433:6.)

---

[1] Citations to "Spears Br. at __" refer to Mr. Spears' original Memorandum of Law in Support of Motion for Summary Judgment; "Spears Reply at __" are to Mr. Spears' Reply Memorandum of Law in Further Support of Motion for Summary Judgment; "Pls.' Br. at __" are to Plaintiffs' Consolidated Opposition to Defendants' Motions for Summary Judgment; "Hashmall Supp. Decl. Ex. __" are to exhibits to the Supplemental Declaration of David L. Hashmall, dated May 29, 2008; and "Brown Decl." are to exhibits to the Declaration of Andrew J. Brown, dated May 14, 2008, submitted by Plaintiffs.

Second, Mr. Lubben's testimony re-confirms that the August 5, 1999 memorandum touted by Plaintiffs cannot possibly raise a genuine issue of material fact as to Mr. Spears' state of mind. (Pls.' Br. at 21-22.) Mr. Lubben's testimony that he personally drafted the August 5, 1999 document and never disclosed it to Mr. Spears or anyone else (Hashmall Supp. Decl. Ex. 1 (Lubben Dep. at 207:4-213:17; 217:11-220:5)) corroborates both Dr. McGuire's testimony that he did not write or distribute the document (Brown Decl. (McGuire Dep. at 370:11-371:13)) and Mr. Spears' testimony that he had never seen the document (Brown Decl. (Spears Dep. at 356:8-17)). That memorandum, therefore, cannot be considered in deciding Mr. Spears' summary judgment motion. As a result, Plaintiffs are without a single conversation, memo, email or other document showing that Mr. Spears acted with the requisite scienter—or any other actionable state of mind—in connection with alleged misstatements concerning the stock option grant dates or accounting for stock options. (Spears Br. at 12-14; Spears Reply at 4-10.)

Third, Mr. Lubben's testimony further refutes Plaintiffs' effort to avoid summary judgment by asking the Court to assume the existence of scienter based on Mr. Spears' supposedly secret business relationship with Dr. McGuire. (Pls.' Br. at 28.) Further proving that there is no support in the record for the baseless inference that Plaintiffs seek to draw, Mr. Lubben testified that:

- Mr. Spears' business relationship with Dr. McGuire was known to the Company's General Counsel (Mr. Lubben), other members of the legal department and within the Company generally at least as early as 1999—more than five years before the Class Period began. (Hashmall

Supp. Decl. Ex. 1 (Lubben Dep. at 340:3-341:14; 346:15-348:7; 356:17-359:24; 369:2-373:11))

- The Company's in-house counsel and two esteemed law firms considered the issue and determined—years before the Class Period began—that Mr. Spears' independence was not affected by the business relationship. (Id. at 343:15-346:14; 349:6-21; 355:4- 356:16)

- Mr. Spears volunteered information to the Company concerning his business relationship with Dr. McGuire and sought to ensure that the business relationship was properly handled. (Id. at 371:20-372:21)

For all of the reasons set forth above and in Mr. Spears' prior memoranda, Mr. Spears respectfully requests that this Court grant his motion for summary judgment.

May 29, 2008

FELHABER, LARSON, FENLON & VOGT, P.A.

By: ______________________
David L. Hashmall

220 South Sixth Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone: (612) 373-8518

Carl H. Loewenson, Jr. (pro hac vice)
Grant J. Esposito (pro hac vice)
Kyle W.K. Mooney (pro hac vice)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: (212) 468-8000

Attorneys for Defendant
William G. Spears