UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE: UNITEDHEALTH GROUP INCORPORATED PSLRA LITIGATION

Master File No. 06-1691 (JMR/FLN)

---

**DEFENDANTS'[1] MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLARIFICATION**

**(REDACTED VERSION)**

---

## INTRODUCTION

By order dated June 4, 2008, this Court granted Plaintiffs' Motion to Compel Production of Documents UnitedHealth Group Withheld or Redacted from Third-Party Deloitte & Touche's Production "to the extent Plaintiffs seek documents provided to Deloitte, but withheld or redacted from Deloitte's document production based upon the work product doctrine." June 4, 2008, Order (Docket No. 703) ("Order") at 6. The Order also states that it does not "alter any of [the Court's] prior rulings," citing three orders in which the Court affirmed that interview memoranda and other documents reflecting the investigation of Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") on behalf of the Special Committee of the Board of UnitedHealth Group Incorporated ("UnitedHealth") were protected by the work product doctrine, and that the work product protection was not waived by giving certain of the documents to UnitedHealth's independent auditor, Deloitte & Touche LLP ("Deloitte"). In order to

---

[1] As used herein, "Defendants" means UnitedHealth Group Incorporated, Stephen J. Hemsley, Patrick J. Erlandson, Robert J. Sheehy, William A. Munsell, Tracy L. Bahl, Lois E. Quam, James A. Johnson, Thomas H. Kean, Mary O. Mundinger, William C. Ballard, Jr., Douglas W. Leatherdale, Gail R. Wilensky, Richard T. Burke, Donna E. Shalala and Robert L. Ryan.

read all of the Court's rulings consistently, as the Court directs, Defendants conclude that the June 4, 2008, Order does not require production of the WilmerHale interview memoranda nor documents reflecting attorneys' mental impressions of the interviews.

This reading is further supported by the fact that the rationale underlying the Order—that the work product doctrine does not protect documents that could and would have been created "in essentially similar form" by Deloitte—would not apply to these documents because they reflect the mental impressions of counsel, not accountants. Accordingly, in order to ensure full compliance with an order that could be construed to require production of attorney work product that this Court has previously directed be protected, Defendants seek confirmation that the Court's Order does not require production of the WilmerHale interview memoranda, documents reflecting attorneys' mental impressions of the interviews, and three other memoranda prepared by law firms in anticipation of litigation and subsequently shared with Deloitte.

## BACKGROUND

### I. This Court's Prior Orders on WilmerHale Documents

In granting Plaintiffs' Motion to Compel Production of Documents UnitedHealth Group Withheld or Redacted from Third-Party Deloitte & Touche's Document Production, this Court referenced three prior rulings and expressly stated that the Order "does not alter any of these prior rulings." Order at 6. Each of the three rulings referenced by the Court held that the WilmerHale interview summaries were work product, and that the work product protection was not waived when UnitedHealth shared the documents with Deloitte:

- First, in the companion derivative case, this Court held that the interview summaries prepared by WilmerHale were "***clearly privileged and protected by both the attorney-client privilege and the work product doctrine*** as they were assembled and gathered by the law firm WilmerHale at the behest of WilmerHale's client, the Special Committee of UnitedHealth's Board of Directors, ***for the purpose of obtaining legal services or advice, and in anticipation of litigation***." May 31, 2007, Order, In re UnitedHealth Group Shareholder Deriv. Litig., Civil No. 06-1216 (JMR/FLN), Docket No. 268 at 2 (emphasis added). This Court also correctly concluded that UnitedHealth's disclosure of certain attorney interview memoranda and related documents to Deloitte "does not waive the protection of the work product doctrine, for the reasons set forth in *Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 229 F.R.D. 441, 445-49 (S.D.N.Y.2004)." Id.

- Then, in this case, in its order on Plaintiffs' Motion to Compel Documents Responsive to Plaintiffs' First Request for Production, this Court again concluded that unlike documents prepared for "the narrow business purpose of restating financial reports," "the WilmerHale report interview summaries and related documents" are protected by the work product doctrine. March 10, 2008, Order, Docket No. 425 at 2.

- Finally, in its order on Plaintiffs' Submission Pursuant to Paragraph 7 of the Protective Order, this Court reaffirmed that "disclosure to Deloitte & Touche did not waive protection of documents under the work product doctrine." March 27, 2008, Order, Docket No. 477 at 4 n.5.[2]

## II. The Documents at Issue in Plaintiffs' Motion to Compel

The category of documents withheld from Deloitte's production, and sought by Plaintiffs in their Motion to Compel, include the WilmerHale interview memoranda described above, as well as documents reflecting attorneys' mental impressions of the interviews. See Pls.' Mem. in Supp. of Mot. to Compel, Docket No. 493 at 11. UnitedHealth also withheld a memorandum prepared by Covington & Burling LLP

---

2 In an order dated June 3, 2008, this Court also concluded that "issue coding done by Wilmer Hale... is protected by the work product privilege and need not be produced as Wilmer Hale was hired to do work in anticipation of litigation." Docket No. 702 at 4.

("Covington"), whom the Company engaged in connection with the SEC and United States Attorney's Office investigations, see Declaration of Aaron Marcu ("Marcu Decl."), Docket No. 512, ¶ 4, and two legal memoranda prepared by UnitedHealth's trial counsel, Dorsey & Whitney LLP ("Dorsey"). If the Court wishes, Defendants will submit these three documents *in camera*.

**ARGUMENT**

The Court expressly states that its June 4, 2008, Order "addresses only the narrow question of whether documents provided to Deloitte are protected by the work product doctrine in the first place." Order at 6. The Court has already answered a related question on at least three occasions with respect to the WilmerHale interview memoranda and documents underlying the WilmerHale investigation. Defendants interpret the Court's Order as not changing these prior decisions.

Defendants' reading that the Order does not cover the WilmerHale interview memoranda is further supported by the Court's recent articulation of the work product doctrine because these documents could not have been created by Deloitte "in essentially similar form irrespective of the litigation." Order at 6 (citing United States v. Aldman, 134 F.3d 1194, 1201 (2d Cir. 1998)). The interview memoranda contain *the mental impressions of counsel*, which are distinct from the "*information*" that Deloitte needed to obtain in order to complete its audit. Cf. id. ("The record shows that if Deloitte did not receive *information* from WilmerHale, then it would have had to obtain that *information* through other means.") (emphasis added); see Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc., 237 F.R.D. 176, 182 (N.D. Ill. 2006) ("unlike tax returns which

may be prepared by a non-lawyer, only an attorney could have drafted the legal Opinion Letters evaluating the pending and threatened litigation against Household"); see also Declaration of William R. McLucas ("McLucas Decl.") ¶ 3 ("The [WilmerHale] memoranda were prepared by counsel in anticipation of litigation...[and] reflect the mental impressions of counsel"); Hickman v. Taylor, 329 U.S. 495, 510-11 (1947) (noting well settled rule that "written [witness] statements, private memoranda and personal recollections" prepared by an attorney while acting for his client in anticipation of litigation are protected by the work product doctrine); Simon v. G.D. Searle & Co., 816 F.2d 397, 401 (8th Cir. 1987) (concluding that the work product doctrine protects documents that were prepared "because of the prospect of litigation"); In re Cardinal Health, Inc. Sec. Litig., No. C2 04 575, 2007 WL 495150, at *6 (S.D.N.Y. Jan. 26, 2007) (concluding that interview memoranda prepared by counsel during an internal investigation are "classic, core work product").

The testimony cited to the Court is also consistent with Defendants' interpretation of the Order. Thomas Roos, one of the witnesses from Deloitte, testified that [redacted] Declaration of Jennifer Gmitro, Docket No. 494, Ex. S at 102 (emphasis added). Mr. Roos also testified that WilmerHale was simply asked to '[redacted] Id. at 100-101, 103-106. Defendants' interpretation of the Order is the most reasonable one because the

interview memoranda were prepared *not* at the behest of Deloitte, but as part of an independent investigation in anticipation of litigation. See McLucas Decl., ¶ 3. Of course, as auditors, if Deloitte had conducted its own interviews, and created memoranda, those memoranda would not have reflected the mental impressions of counsel.[3]

## CONCLUSION

Based on the Court's prior orders and the Court's articulation of the work product doctrine, Defendants conclude that the WilmerHale interview memoranda, the documents reflecting attorneys' mental impressions of the interviews, and the memoranda created by Covington and Dorsey are protected by the work product doctrine. For these reasons, Defendants respectfully request that the Court confirm Defendants' interpretation that the June 4, 2008, Order does not require these documents be produced to Plaintiffs.[4]

---

[3] Plaintiffs cited no testimony or other evidence in the record establishing that Deloitte would have "had to create the documents [it received from Covington or Dorsey] in a similar form." Order at 6. These documents reflect the mental impressions of counsel retained to represent Defendants in pending government investigations and civil litigation as to the issues involved therein and the relative importance of certain facts. See Marcu Decl., ¶ 5.

[4] Defendants understand that this Motion for Clarification likely will not be decided by June 18, 2008, the deadline for Defendants to file an objection to the Order under D. Minn. L.R. 72.2(a). While Defendants believe that their interpretation of the Order as expressed here is correct, Defendants intend to file an objection solely to preserve their ability to do so should this Court disagree.

Dated: June 13, 2008

DORSEY & WHITNEY LLP

By: s/ Peter W. Carter
Peter W. Carter (#227985)
Thomas P. Swigert (#266309)
Katie C. Pfeifer (#309709)
Michelle S. Grant (#311170)
Gretchen A. Agee (#351532)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: 612-340-2600
Facsimile: 612-340-2868
carter.peter@dorsey.com

and

O'MELVENY & MYERS LLP
Charles E. Bachman (*pro hac vice*)
Abby F. Rudzin (*pro hac vice*)
Mark S. Germann (*pro hac vice*)
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

Jeffrey W. Kilduff (*pro hac vice*)
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5383

*Attorneys for Defendants UnitedHealth Group Incorporated, Stephen J. Hemsley, Patrick J. Erlandson, Robert J. Sheehy, William A. Munsell, Tracy L. Bahl, Lois E. Quam, James A. Johnson, Thomas H. Kean, Mary O. Mundinger, William C. Ballard, Jr., Douglas W. Leatherdale, Gail R. Wilensky, Richard T. Burke, Donna E. Shalala and Robert L. Ryan*