UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In re UNITEDHEALTH GROUP INCORPORATED PSLRA LITIGATION | Civ. No. 0:06-cv-01691-JMR-FLN |
| | CLASS ACTION |
| This Document Relates To: | |
| ALL ACTIONS. | |

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR CLARIFICATION

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 2

A. The Court's June 4 Order .......... 2

B. Defendants' Privilege Claims .......... 4

III. ARGUMENT .......... 4

A. Defendants Seek Reconsideration, Not Clarification, and the Motion Should Be Denied Accordingly .......... 4

B. Defendants' Motion Is Procedurally Defective .......... 5

C. Defendants' Motion Raises Improper Arguments .......... 6

D. Defendants' Motion Must Be Denied Because Their Arguments Are Futile .......... 7

1. Defendants' New Argument Is Meritless .......... 7

2. Defendants' Motion Is Futile for Other Reasons .......... 8

IV. CONCLUSION .......... 10

Plaintiffs California Public Employees' Retirement System ("CalPERS") and Alaska Plumbing and Pipefitting Industry Pension Trust ("Alaska") (collectively, "plaintiffs"), hereby respectfully submit this memorandum of law in opposition to defendants' motion for clarification.

## I. INTRODUCTION

Defendants' motion for "clarification" is simply a motion for reconsideration in disguise. On June 4, 2008, this Court found that defendants had not met their burden to establish that documents they withheld or redacted from Deloitte & Touche LLP's ("Deloitte") document production were work product. June 4, 2008 Order [Docket No. 703] ("Order") at 6. The Court ordered defendants to produce these documents. *Id.* The Court's Order includes no exceptions and could not be more clear. However, defendants now request the Court make an exception and find that the WilmerHale interview memoranda[1], related documents reflecting attorneys' mental impressions of the interviews, and three other memoranda constitute protected work product. *See* Defendants' Memorandum of Law in Support of Motion for Clarification [Docket No. 730] ("Defs.' Mem.") at 2. In effect, defendants ask the Court to reconsider its ruling. *See Gavin v. United States SEC*, No. 04-4522 (PAM/JSM), 2006 U.S. Dist. LEXIS 41550, at *4-*5 (D. Minn. June 20, 2006).

---

[1] Defendants only contest production of the interview summaries prepared by WilmerHale but not the portions of the summaries selected and transcribed by Deloitte. *See* Memorandum of Law in Support of Plaintiffs' Motion to Compel the Production of Documents UnitedHealth Group Inc. Withheld or Redacted From Third Party Deloitte & Touche LLP's Document Production [Docket No. 493] ("Pltfs.' Mem.") at 11.

Defendants' motion is improper and constitutes an impermissible "'second bite at the apple.'" *Kolosky v. Minnesota*, No. 05-1350 (JRT/FLN), 2006 U.S. Dist. LEXIS 29536, at *3 (D. Minn. May 11, 2006). Defendants have not only failed to comply with the procedural requirements for filing a motion for reconsideration, but also improperly relitigate the issue and assert arguments they could have raised in their opposition to plaintiffs' initial motion. Even if the Court were to entertain their motion, their arguments are baseless. As detailed in plaintiffs' initial brief, defendants' work product assertions fail for additional reasons. Pltfs.' Mem. at 5 n.3, 13-14. Moreover, the Court has already held that documents serving both litigation and restatement purposes are not protected. June 3, 2008 Order [Docket No. 702] at 4. Defendants' motion should be denied.

## II. BACKGROUND

### A. The Court's June 4 Order

On June 4, 2008, this Court addressed "the narrow question of whether documents provided to Deloitte are protected by the work product doctrine ***in the first place***." Order at 6 (emphasis added). Prior to this time, the Court had not been presented with any facts concerning the relationship between UnitedHealth's outside counsel, WilmerHale, and its auditors, Deloitte. *See In re UnitedHealth Group Incorporated Shareholder Derivative Litig.*, No. 06-1216 (JMR/FLN), Order (D. Minn. May 31, 2007) [Docket No. 268]; *see also* Docket Nos. 228, 237, 257 in No. 06-1216 (JMR/FLN) (in derivative action, no facts concerning the relationship between Deloitte and WilmerHale were presented to the Court

when addressing work product claims).[2] The new facts concerning Deloitte's and WilmerHale's relationship revealed that Deloitte requested information from WilmerHale in order to audit the Company's financial statements. Order at 5 (citing Gmitro Decl., Ex. S at 100-01).[3] "[I]f Deloitte did not receive information from WilmerHale, then it would have had to obtain that information through other means." *Id.* at 6 (citing Gmitro Decl., Ex. S at 111). Deloitte even directed WilmerHale to make specific inquiries and conduct certain interviews. Gmitro Decl., Ex. H at DTU 0065214-15; *id.*, Ex. S. The Court held documents "'that would have been created in essentially similar form irrespective of the litigation,'" are not protected. Order at 6 (quoting *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998)). Under these circumstances, defendants had the burden to show that the documents at issue would not have been independently obtained or created by Deloitte while performing its audit function. *Id.* Defendants did not meet their burden. *See id.* Therefore, the Court properly held that the documents were not work product. *Id.*

Defendants have not produced a single document in response to the Court's Order, despite plaintiffs' requests. Consequently, it is unclear what portion of the documents

---

[2] The other orders cited in defendants' brief that concerned work product were based on the Court's ruling in the derivative action before facts concerning Deloitte's and WilmerHale's relationship were known. *See* March 10, 2008 Order [Docket No. 425] and Docket Nos. 360, 386, 424 (supporting memoranda of law and hearing transcript); March 27, 2008 Order [Docket No. 477] and Docket Nos. 370, 430, 479 (supporting memoranda of law and hearing transcript).

[3] "Gmitro Decl." refers to the Declaration of Jennifer L. Gmitro in Support of Plaintiffs' Motion to Compel the Production of Documents UnitedHealth Group Inc. Withheld or Redacted From Third Party Deloitte & Touche LLP's Document Production [Docket No. 494].

withheld or redacted from Deloitte's document production defendants seek to protect.[4] Defendants only offered to submit the "three memoranda" to the Court in camera, but not the WilmerHale interview memoranda or "documents reflecting attorneys' mental impressions of the interviews." Defs.' Mem. at 3-4.

### B. Defendants' Privilege Claims

As set forth in plaintiffs' initial brief, defendants have produced three privilege logs for documents withheld from Deloitte's production. Pltfs.' Mem. at 5 n.3; Gmitro Decl., Exs. O-Q. Defendants often assert blanket privilege claims over broad categories of documents. *See* Gmitro Decl., Ex. Q. Defendants never produced the final privilege log, pertaining to documents withheld or redacted from Deloitte's final installment constituting 15 boxes of documents. Plaintiffs only received the equivalent of 8 boxes of documents from this final installment, suggesting defendants withheld or redacted approximately 7 boxes of documents.

## III. ARGUMENT

### A. Defendants Seek Reconsideration, Not Clarification, and the Motion Should Be Denied Accordingly

As described above, the Court's Order could not be clearer. Documents "'that would have been created in essentially similar form irrespective of the litigation'" are not protected work product. Order at 6 (quoting *Adlman*, 134 F.3d at 1202). The record revealed that Deloitte would have obtained or created the documents at issue had it not received them

---

[4] On June 18, 2008, defendants filed an objection and appeal from the same Order. Docket No. 741. Defendants assert in that motion that the Court's ruling was erroneous.

from WilmerHale. *Id*. Defendants did not meet their burden to demonstrate otherwise and the documents were ordered produced. *Id.* Therefore, defendants' motion for clarification is truly a motion for reconsideration in disguise.

Where a motion for clarification requests modification of an order, courts will construe the motion as one for reconsideration. *See Gavin*, 2006 U.S. Dist. LEXIS 41550, at *4-*5. Defendants had every opportunity to argue that Deloitte would not have created or obtained the documents at issue absent the litigation.[5] Defendants failed to raise those arguments and now attempt a second bite at the apple. Defendants simply seek reconsideration and their motion should be denied. *Gavin*, 2006 U.S. Dist. LEXIS 41550, at *4-*5; *see also Kaydon Acquisition Corp. v. Custum Mfg.*, 317 F. Supp. 2d 896, 902 (N.D. Iowa 2004) (construing motion for clarification as motion for reconsideration and denying the motion); *Itron, Inc. v. Benghiat*, No. 99-501 (JRT/FLN), 2001 U.S. Dist. LEXIS 23230, at *2 (D. Minn. Dec. 21, 2001) (same).

**B. Defendants' Motion Is Procedurally Defective**

A motion to reconsider is prohibited unless the moving party seeks the express permission of the Court via letter, demonstrating "compelling circumstances." Local Rule 7.1(g); *Gavin*, 2006 U.S Dist. LEXIS 41550, at *4-*5; *Kolosky*, 2006 U.S. Dist. LEXIS

---

[5] The standard articulated by the Court was squarely addressed in plaintiffs' initial briefing. Pltfs.' Mem. at 10 (citing *In re Allied Irish Banks, p.l.c. v. Bank of Am., N.A.*, 240 F.R.D. 96, 106-09 (S.D.N.Y. 2007), and *Onwuka v. Fed. Express Corp.*, 178 F.R.D. 508, 514-15 (D. Minn. 1997), for the proposition that documents that would have been generated for a business purpose regardless of litigation are not protected work product). Defendants themselves cited to *Adlman*, upon which the Court based its decision. Order at 6; Docket No. 511 at 11 (Defendants' Opposition to Pltfs.' Mem.).

29536, at *3. Defendants did not seek permission, did not demonstrate any circumstances warranting reconsideration, let alone "compelling circumstances," and simply titled their motion as one for "clarification." Their motion must be denied for its procedural infirmity. *Gavin*, 2006 U.S. Dist. LEXIS 41550, at *4-*5.

**C. Defendants' Motion Raises Improper Arguments**

A motion to reconsider should only be filed in "extraordinary circumstances" and "should not be employed to relitigate old issues." *Babe Winkelman Prods. v. Sports Design & Dev., Inc.*, No. 05-2971 (DWF/RLE), 2006 U.S. Dist. LEXIS 42184, at *3 (D. Minn. June 22, 2006) (citing *Dale & Selby Superette & Deli v. United States Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993)). Reconsideration is only warranted in limited circumstances to correct a manifest error of law or fact or to ask the Court to consider newly-discovered evidence that could not have been proffered earlier. *M.P. v. Cent. Minn. Christian Sch.*, No. 06-3485 (MJD/AJB), 2006 U.S. Dist. LEXIS 71224, at *1-*2 (D. Minn. Sept. 29, 2006). Defendants do not raise any new evidence or assert any error of fact or law. *See generally* Defs.' Mem. Instead, defendants try to meet the burden that they failed to meet in the first instance. *Id.* This tactic must fail because arguments and evidence that could have been proffered during the pendency of the previous motion cannot be considered. *Knopik v. Amoco Corp.*, No. 97-1134 (MJD/JGL), 2003 U.S. Dist. LEXIS 1811, at *4 (D. Minn. Jan. 23, 2003) ("'reconsideration should not be used as a "vehicle to introduce new evidence that could have been adduced"'" earlier) (citing *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)) (citation omitted); *Cent. Minn. Christian Sch.*, 2006 U.S. Dist. LEXIS 71224, at *2 (a motion for reconsideration cannot serve as "'the occasion to

tender new legal theories for the first time'") (citation omitted). A "'nonmovant has an affirmative duty to come forward to meet a properly supported motion.'" *Cent. Minn. Christian Sch.*, 2006 U.S. Dist. LEXIS 71224, at *1 (citation omitted). When the nonmovant fails to do so, a motion for reconsideration is an inappropriate means to rectify that failure. In short, it should not be used to permit "'a second bite at the apple.'" *Kolosky*, 2006 U.S. Dist. LEXIS 29536, at *3. Defendants' motion is improper for all of these reasons.

### D. Defendants' Motion Must Be Denied Because Their Arguments Are Futile

Even if the Court permitted defendants to relitigate this motion, defendants' arguments will still fail in light of the record on the initial motion. *Babe Winkelman*, 2006 U.S. Dist. LEXIS 42184, at *3 (where new evidence or arguments would not change the court's ruling, the motion for reconsideration should be denied).

#### 1. Defendants' New Argument Is Meritless

For the first time, defendants argue that because the documents withheld or redacted from Deloitte's document production contain the "mental impressions of counsel," they could not have been created in the same form and, therefore, are not discoverable. Defs.' Mem. at 4-5. Putting aside the impropriety of raising this argument for the first time under the guise of clarification, this argument is utterly without merit. Here, the attorneys and auditors were making similar inquiries. Therefore, it is absurd to suggest that the auditors would not have generated "essentially similar" materials. Deloitte and WilmerHale were both concerned with evaluating the appropriate grant dates for stock options. Deloitte specifically was concerned with representations of company management and directed the UnitedHealth Board of Directors to require WilmerHale to investigate these matters. Gmitro

Decl., Ex. H. Deloitte also specifically requested that WilmerHale interview certain individuals. Gmitro Decl, Exs. H, S at 107. Therefore, the auditors would have generated similar materials if they had not been provided with these documents.

Moreover, in opposing plaintiffs' motion in the first instance, defendants could have tried to meet their burden by obtaining a declaration from Deloitte auditors stating they would not have generated similar materials. Defendants did not – either in response to the first motion or in this motion. Therefore, defendants' only basis for reconsideration is to ignore the facts raised during the initial briefing that reveal Deloitte's specific inquiries and specific requests for certain interviews. Yet again, defendants have failed to meet their burden. Defendants' motion should be denied.

**2. Defendants' Motion Is Futile for Other Reasons**

Regardless of the merit of defendants' arguments, there are other bases for denying defendants' motion. As delineated in plaintiffs' initial brief, (i) defendants waived work product protection by disclosing these documents to a potential adversary and (ii) plaintiffs have a substantial need for these documents because they would have been able to obtain them through Deloitte if Deloitte had conducted inquiries directly. *See* Pltfs.' Mem. at 13-14.[6]

Additionally, defendants waived protection because they have not adequately asserted work product protection in the first place. *Id.* at 5 n.3. Privileges must be asserted on a

---

[6] Plaintiffs will not reiterate these arguments here but direct the Court to the initial briefing.

document by document basis and defendants have failed to do so. *In re Milk Prods. Antitrust Litig.*, 84 F. Supp. 2d 1016, 1028 (D. Minn. 1997) (defendants must provide enough information to determine whether the privilege truly applies "to each individual document"). Defendants do not point to a single entry in their privilege logs that appropriately asserts work product privilege over "a memorandum prepared by Covington & Burling LLP" or "two legal memoranda prepared by . . . Dorsey & Whitney LLP." Gmitro Decl., Exs. O-Q. Nor are the interview memoranda and related documents specifically identified in defendants' privilege logs. The fourth and final privilege log was never even provided to plaintiffs. Thus, regardless of their arguments in favor of work product, defendants have not timely or adequately asserted these claims. They have waived any protections.

Finally, even if the Court does not deny defendants' motion based on the aforementioned arguments, the Court has already issued an order holding that because the documents "were prepared for two purposes, one of which was not in anticipation of litigation but for restating the company's financials, they are not protected by the work product privilege and must be produced." *See* June 3, 2008 Order [Docket No. 702] at 4. This holding represents an independent basis for finding that the documents withheld or redacted from the Deloitte document production must be produced. Defendants have not challenged this order. Defendants' motion must therefore be denied.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs respectfully request the Court deny defendants' motion for clarification and confirm that the June 4, 2008 Order requires production of all documents UnitedHealth withheld or redacted from Deloitte's document production.

DATED: June 23, 2008

Respectfully submitted,

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
MICHAEL J. DOWD
ARTHUR C. LEAHY
ANDREW J. BROWN
ANNE L. BOX
RAMZI ABADOU
JENNIFER L. GMITRO
SHANNON M. MCKENNA
MAUREEN E. MUELLER

s/ JENNIFER L. GMITRO

JENNIFER L. GMITRO

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

REINHARDT WENDORF & BLANCHFIELD
GARRETT D. BLANCHFIELD, JR. (#209855)
E-1250 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
Telephone: 651/287-2100
651/287-2103 (fax)

Liaison Counsel

S:\CasesSD\UnitedHealth Sec 06\brf00052190.doc