```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                 06-CV-1691(JMR/FLN)
                     CLASS ACTION
```

In re UnitedHealth Group        )
Incorporated PSLRA              )        ORDER
Litigation                      )

    The remoras are loose again. The Court has received a motion from attorneys Edward Siegel, Edward Cochran, Stuart Yoes, and Scott Browne (styling themselves "Objectors' Counsel"), seeking an award of fees. Their motion is emphatically denied.

I. <u>Background</u>

    On December 22, 2008, the Court preliminarily approved a proposed settlement in this matter. The class received notice and was advised objections were due February 17, 2009. On that date, Objectors' Counsel, representing UnitedHealth shareholders Ernest J. Browne and Bruce Botchik, filed a single page document, later identified as an exhibit to their objections, purportedly documenting Mr. Botchik's UnitedHealth stock holdings. [Docket No. 828.]

    Objectors' remaining submissions were untimely. On February 18, 2009, they filed a single-paragraph Notice identifying their prior filing as Exhibit A to their objections [Docket No. 829]. No actual objections were filed until two weeks later, on March 4, 2009 [Docket No. 834]. Their late submission objected to class counsel's request for $110 million in attorney's fees and to reimbursement of class counsel's expenses - which class counsel

were not seeking.

On August 11, 2009, this Court approved the class action settlement, and awarded class counsel nearly $64.8 million in attorney's fees. See In re UnitedHealth Group Incorporated PSLRA Litigation, ___ F.Supp.2d ___, 2009 WL 2482029, *11 (D. Minn., August 11, 2009).

II. Analysis

Rule 23 allows a court to award "reasonable attorney's fees." Fed. R. Civ. P. 23(h). Such an award is committed to the court's sound discretion. Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1147 (8th Cir. 1999). Those objecting to a class action settlement are not entitled to a fee award unless they confer a benefit on the class. See In re Cardinal Health, Inc. Sec. Litig., 550 F. Supp. 2d 751, 753 (S.D. Ohio 2008). Objectors may add value to the process by:

> (1) transforming the fairness hearing into a truly adversarial proceeding; (2) supplying the Court with both precedent and argument to gauge the reasonableness of the settlement and lead counsel's fee request; and (3) preventing collusion between lead plaintiff and defendants.

Id. These objectors have contributed nothing. Instead, in a pleading which may charitably be described as disingenuous, Objectors' Counsel argue they assisted the Court in finding class counsel's fee request unreasonable. They claim their efforts convinced the Court to reduce class counsel's fee from $110 million to $64.8 million. They have the temerity to suggest they are the

2

ones who saved the class $45 million in attorney fees, entitling them to a six-figure fee of their own.[1]

Their suggestion is laughable. If the Court may be permitted an egregious paraphrase of Winston S. Churchill: Seldom in the field of securities litigation was so little owed by so many to so few. Objectors' Counsel make "outlandish fee requests in return for doing virtually nothing." In re Cardinal Health, 550 F. Supp. 2d at 753. And nothing is the quantity of assistance they have provided to the Court and the class. Their goal was, and is, to hijack as many dollars for themselves as they can wrest from a negotiated settlement. Objectors' eight-page-long, two-week-late pleading presented no facts, offered no law, and raised no argument upon which the Court relied in its deliberation or ruling concerning class counsel's motion for fees. Indeed, the Court expressly rejected the lion's share of objectors' arguments directed to the use of paralegals and contract attorneys. See UnitedHealth, 2009 WL 2482029, *10.

Objectors' request and their motion ill-befit attorneys admitted to the bar. Accordingly, the Court holds, as a matter of fact and law, objectors have conferred no benefit whatsoever on the class or on the Court. Objectors' Counsel are entitled to an award

---

[1] Objectors' Counsel maintain their "lodestar" is "approximately $74,500," and request a multiplier of 2.5. [Docket No. 846, at ¶ 8.] The Court considers it preposterous that any legitimate lawyer would charge $74,500 to prepare an eight-page submission, and submit it tardy to boot.

equal to their contribution . . . nothing.

III.  Conclusion

IT IS ORDERED that the motion [Docket No. 846] is denied.

Dated:  September 4, 2009

					s/ James M. Rosenbaum
					JAMES M. ROSENBAUM
					United States District Judge